UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES,<br><br>            Plaintiff,<br><br>       v.<br><br>KEN CLARK, *et al.*,<br><br>            Defendants. | Case No. 1:20-cv-00246-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE CASE WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ECF No. 11 |

     Plaintiff John Ray Dynes is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges Eighth Amendment violations arising from his medical treatment at Mule Creek State Prison. On April 7, 2020, the court screened plaintiff's original complaint and found that failed to state a claim, noting among other things that the "complaint does not describe the actions of any individuals who treated him" and thus failed to allege a constitutional violation. ECF No. 6 at 3. On April 17, the court received a first amended complaint. ECF No. 7. On April 29, we screened plaintiff's first amended complaint and noted that it was "almost identical to his original complaint" and thus failed to state a claim for the same reasons. ECF No. 10 at 1. On May 11, plaintiff filed a second amended complaint, which is now before the court for screening. ECF No. 11. Plaintiff once again alleges that his Eighth Amendment rights were violated and names warden Ken Clark, unspecified "medical

1

staff" of Mule Creek State Prison, and Mule Creek State Prison itself as defendants. *Id*. at 2-3. Plaintiff seeks $4,250,000 in damages for his suffering and mental stress. *Id*. at 5.

Plaintiff's second amended complaint still lacks sufficient detail to state a claim. The court will recommend that the complaint be dismissed with prejudice.[1]

**SCREENING AND PLEADING REQUIREMENTS**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id*. at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted). At screening, we must identify cognizable claims and dismiss "any portion of the complaint" that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

---

[1] Plaintiff has a history of meritless litigation and, for this reason, appears in the "three-strikes" database for the purpose of 28 U.S.C. § 1915(g). *See Dynes v. Kern County Superior Court*, No. 1:07-cv-01500-AWI-TAG (E.D. Cal.) (dismissed January 18, 2008, for failure to state a claim); *Dynes v. Fresno County Superior Court*, No. 1:07-cv01659-AWI-DLB (E.D. Cal.) (dismissed April 14, 2008, for failure to state a claim); *Dynes v. Garcia*, No. 2:11-cv-01682-ROS-LOA (D. Ariz.) (dismissed September 30, 2011, for failure to state a claim). Plaintiff was informed of his three-strike status on at least one prior occasion. *See Dynes v. Mosher*, No. 1:13-cv-01439-LJO-SAB (E.D. Cal.). In this case, however, the court has operated under the assumption that plaintiff's medical ailments satisfy the "imminent danger" exception to 28 U.S.C. § 1915(g), and allowed plaintiff to proceed without prepayment of fees. *See* ECF No. 5.

would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**DISCUSSION**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). A state agency is typically not a "person" for the purposes of § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990).

In the context of the Eighth Amendment and medical care, plaintiff must plausibly allege that the defendants were "deliberately indifferent" to a "serious medical need." *See Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). Deliberate indifference requires a showing that "the course of treatment the [medical officials] chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016). This is a high standard. Isolated incidences of neglect do not suffice; nor do mere disagreements over the best course of treatment. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff's brief allegations, even after two amendments, do not meet basic pleading requirements or the substantive requirements of the Eighth Amendment. The factual allegations in plaintiff's second amended complaint, in their entirety, are as follows (with minor edits for clarity):

> I have suffer[ed from] multiple medical issues such as multiple sclerosis, seizures, nose bleeding [and am] affected by orthopedic bone issues. I have put in multiple medical [requests] to be seen [by a] neurosurgeon specialist [and] orthopedic bone specialist [and] have been denied by Mule Creek State Prison Medical Department. I have also put in multiple sick call slips requesting to be seen by these medical specialists and [the California Department] of Corrections has denied me medical treatment for all my medical issues. If the courts request a copy of my medical records from 2018 to 2020 they will see the inadequate medical treatment I'm receiving from CDCR medical department. I'm requesting the courts request my medical records from 2018 to 2020.

ECF No. 11 at 3-4. Plaintiff has attached more than 200 pages of documents to his complaint.

These allegations "do not permit the court to infer more than the mere possibility of misconduct." *See Iqbal*, 556 U.S. at 679. The allegations do not suggest the "personal involvement" of any specific individuals or any "causal connection" between the warden's conduct as a supervisor and a deprivation. *See King*, 885 F.3d at 559. Nor do the allegations suggest that that "the course of treatment the [officials] chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Hamby*, 821 F.3d at 1092. For these reasons, plaintiff has again failed to state a claim. Serving such a complaint on prison officials would give them no fair notice of what alleged wrongdoing they are required to answer.[2]

The court also believes further amendment is not warranted. While the Federal Rules of Civil Procedure offer a policy of liberal amendment, "liberality in granting leave to amend is subject to several limitations," and "need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). In addition, a "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Id.* Here, plaintiff has already

---

[2] To the extent plaintiff may be seeking discovery of medical records, that is premature at this stage of the case, as the complaint has not yet been served on any defendant.

4

been given two chances to amend and has failed to correct the basic inadequacies of his original complaint. Further amendment thus appears futile.

**FINDINGS AND RECOMMENDATIONS**

For the reasons above, the court recommends that this case be dismissed with prejudice for plaintiff's failure to state a claim. This recommendation will be submitted to a U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within thirty days of the service of these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   May 18, 2020                              _____
                                                   UNITED STATES MAGISTRATE JUDGE

No. 205.