UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES,<br><br>Plaintiff,<br><br>v.<br><br>MULE CREEK STATE PRISON MEDICAL DEPARTMENT, et al.,<br><br>Defendants. | No. 1:20-cv-00246-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. No. 12) |

      Plaintiff John Ray Dynes is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On April 7, 2020, the assigned magistrate judge screened plaintiff's original complaint and found that it failed to state a claim, noting in relevant part that the complaint did not describe the actions of any individuals who allegedly provided him medical treatment and thus failed to allege a cognizable Eighth Amendment claim arising from his medical treatment at Mule Creek State Prison.  (Doc. No. 6.)  Plaintiff was granted leave to file a first amended complaint.  (*Id.* at 3.)

      On April 17, 2020, plaintiff filed his first amended complaint ("the FAC").  (Doc. No. 7.) On April 29, 2020, the magistrate judge screened the FAC, noted that it was almost identical to

1

plaintiff's original complaint, and concluded that it too failed to state a cognizable claim for the same reasons as plaintiff's original complaint was found to be deficient. (Doc. No. 10.) Plaintiff was granted leave to file a second amended complaint. (*Id.* at 1–2.)

On May 11, 2020, plaintiff filed his operative second amended complaint ("the SAC"). (Doc. No. 11.) On May 18, 2020, the magistrate judge issued the pending findings and recommendations, recommending that plaintiff's SAC be dismissed for failure to state a cognizable claim. (Doc. No. 12.) The findings and recommendations recommend dismissing this action without further leave to amend because plaintiff "has already been given two chances to amend and has failed to correct the basic inadequacies of his original complaint." (*Id.* at 4–5.) On June 10, 2020, plaintiff filed objections to the findings and recommendations. (Doc. No. 13.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections, plaintiff appears to be arguing that a mental illness he suffers from is preventing him from adequately prosecuting this action. (*See* Doc. No. 13 at 1) ("I am a mental[ly] ill inmate with multiple medical issues that aren't being adequately . . . treated & with me not being able to file the right adequate legal reply to the court's reply due to my mental illness . . . ."). Plaintiff asks this court to review his medical records from a certain period of time so that the court will be able to ascertain the extent of his mental illness and medical issues from which he suffers. (*Id.*) Plaintiff further requests that he be able to refile this action with the help of a civil lawyer. (*Id.*)

The court is sympathetic to plaintiff's alleged medical conditions, but notes that his objections do not meaningfully dispute the magistrate judge's conclusion that he has twice been provided with the relevant legal standards applicable to the claims he is attempting to present, as well as leave to file an amended complaint, and each time he has filed a complaint that does not state a cognizable claim. Thus, the magistrate judge correctly found that the granting of further leave to amend would be futile. Moreover, the court cannot sift through plaintiff's medical

records to determine whether it might be possible for him to state a cognizable claim. Plaintiff is also not entitled to appointment of counsel in this civil rights action. The court notes that although handwritten and concise, plaintiff's deficient complaints filed in this action are understandable for the most part and, on their face, do not reflect an inability on plaintiff's part to understand the directions and legal standards he has been provided in the screening orders. Nonetheless, and although the pending findings and recommendations recommend dismissing this action with prejudice (Doc. No. 12 at 4), in light of plaintiff's objections that his alleged mental illness is preventing him from adequately prosecuting this action, the court will dismiss this action without prejudice to its refiling.

Accordingly:

1. The findings and recommendations issued May 18, 2020 (Doc. No. 12) are adopted in part;
2. This action is dismissed without prejudice; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 25, 2020**

UNITED STATES DISTRICT JUDGE

3